IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Van Williams,                                            Case No. 1:15CV184

               Petitioner

        v.                                            **ORDER**

Bennie Kelly, Warden,

               Respondent

This is a state prisoner's habeas case under 28 U.S.C. § 2254.

The petitioner, Van Williams, is serving a twenty-year prison sentence after a jury in the Common Pleas Court of Cuyahoga County, Ohio convicted him of gross sexual imposition, kidnapping, rape, and unlawful sexual conduct with a minor.

On direct appeal, the Ohio Court of Appeals, Eighth District, sitting en banc, granted a new trial on the ground that the trial court erred by allowing the prosecution to introduce "other acts" evidence that Williams had engaged in oral sex with a teenage boy who was not the victim in this case. *State v. Williams*, 195 Ohio App. 3d 807 (2011).

The prosecution sought and obtained discretionary review in the Ohio Supreme Court, and that court held that the complained-of evidence was admissible under state evidence law. *State v. Williams*, 134 Ohio St. 3d 521 (2012).

Thereafter, the case returned to the appellate court for consideration of Williams's other claims. The state appellate court rejected those claims and affirmed the convictions, *State v.*

*Williams*, *State v. Williams*, 2013 WL 5603592 (Ohio App.), and the Ohio Supreme Court denied further review, *State v. Williams*, 138 Ohio St. 3d 1434 (2014).

Williams then filed this habeas petition, alleging that: 1) the trial court improperly admitted evidence of Williams' prior conviction; 2) the indictment lacked sufficient specificity because it used incorrect dates and "carbon copy" charges; 3) ineffective assistance of trial counsel; and 4) cumulative error. (Doc. 2).

Pending is Magistrate Judge Vecchiarelli's Report and Recommendation, which concluded that Williams's claims were either procedurally defaulted or meritless. (Doc. 12).

Williams has filed objections. (Doc. 14).

I have reviewed the Report and Recommendation de novo in light of Williams's objections. I find no basis whatsoever in those objections to do anything other than accept the R&R, adopt it as part of this order, deny the petition.

**Discussion**

**A. Ground One**

Williams claims that the introduction of A.B.'s testimony, which was the basis for his prior misdemeanor conviction, violated his right to a fair trial under prevailing due-process standards.

The Magistrate Judge found that Williams had failed to raise this claim during the course of his state-court proceedings. Consequently, the Magistrate Judge recommends that I find that the petitioner defaulted on this claim.

The Magistrate Judge's conclusion is entirely sound. As she pointed out, there is nothing in the record to show that Williams argued that the evidence contravened the federal Constitution.

Instead the parties argued, and the state courts decided, the issue of admissibility of the other-acts evidence solely on the basis of state law.

The Magistrate Judge also exhaustively examined the merits of this claim as though Williams had preserved it for such review. She concluded, entirely correctly in my view, that, because the Supreme Court has never held that the admission of "other acts" evidence violates the Constitution, habeas relief was unavailable under § 2254(d). That determination provides a further ground for rejecting Williams's first claim.

### B. Ground Two

Williams's second ground (which his objections split into two) is that the "carbon copy" indictment failed to provide the notice of the charges that due process demands, and, as well, that the indictment failed to extend the protections against further prosecution to which the Double Jeopardy Clause entitles him.

The Magistrate Judge found that the state court's determination that the indictment gave due notice did not contravene clearly established federal law as enunciated by the Supreme Court. The Magistrate Judge reached the same conclusion with regard to the Double Jeopardy claims.

The objections present nothing to the contrary; nor do they otherwise undercut the correctness of the Magistrate Judge's conclusions and recommendation that I deny relief on Williams's second ground. I therefore accept that recommendation, adopt the Magistrate Judge's discussion and conclusions as the order of this court, and deny relief as to Williams's second ground for relief.

### C. Ground Three

Williams's third claim is that his trial lawyer's failure to move, after Ms. Hurd referenced, in vague and opaque terms, the prior conviction, for a mistrial or seek a curative instruction deprived him of his federal constitutional right to effective assistance of counsel.

Rather than applying AEDPA to this claim, the Magistrate Judge considered in its merits under *Strickland v. Washington*, 466 U.S. 668 (1984). She found neither a failure to provide constitutionally adequate representation nor prejudice.

Both conclusions are well-taken. A.B.'s testimony was what mattered, not the passing allusion that Ms. Hurd gave in response to a question by defense counsel. In light of what the jury heard directly from A.B., whose testimony was clearly admissible under Ohio law, nothing Ms. Hurd said in that response could have had the slightest impact on the jury. The Magistrate Judge found that her response in no way could have affected the outcome of the trial, as *Strickland* requires before habeas relief can be ordered.

I agree. I therefore accept the Magistrate Judge's recommendation that I deny relief as to ground three, and adopt her Report and Recommendation as the order of this court.

### D. Ground Four

Williams's final ground is that, taken en gros, the cumulative effect of the trial errors that he claims occurred was to deprive him of his right to due process and a fair trial.

The Magistrate Judge properly applied AEDPA to this claim. As she pointed out, the Supreme Court has never suggested, let alone squarely held, that such contention is a viable ground for relief under the Constitution.

Under § 2254(d), the recommendation that I deny relief as to this claim is well taken, and I adopt her recommendation as the his court's order and deny relief accordingly.

**Conclusion**

The objections provide no reason for rejecting the Report and Recommendation in toto and denying relief as to all claims. Williams defaulted on his first claim, AEDPA controls the decision on his second set of claims, the third claim is without merit, and AEDPA controls the decision on the last claim.

It is, accordingly,

ORDERED THAT:

1. The objections (Doc. 14) to the Magistrate Judge's Report and Recommendation be, and the same hereby are, overruled;

2. The Report and Recommendation (Doc. 12) be, and the same hereby is, adopted as the order of this court;

3. The petition for habeas corpus relief (Doc. 2) be, and the same hereby is denied; and

4. No certificate of appealability will issue, as Williams has not shown that reasonable judges would debate that his claims are either defaulted or without merit.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge